**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**EDWARD LAMONT NEAL**                                                   **PETITIONER**

**vs.**                                                                 **Civil Action No.: 1:11CV203-SA-JMV**

**RON KING, et al.**                                                              **RESPONDENTS**

## MEMORANDUM OPINION AND ORDER

This matter comes before the court on the pro se petition of Edward Lamont Neal for a writ of habeas corpus under 28 U.S.C. § 2254. Respondents have moved to dismiss the petition due to Petitioner's failure to exhaust his claims in State court. For the reasons set forth below, Respondents' motion to dismiss will be granted.

On August 28, 2009, Petitioner was convicted of burglary of a dwelling in the Circuit Court of Lowndes County, Mississippi, and sentenced as an habitual offender to a sentence of 25 years in the custody of the Mississippi Department of Corrections.[1] Petitioner appealed the judgment of the trial court, asserting as grounds for relief that trial court erred in failing to suppress his videotaped confession, and that he was prejudiced by the prosecution's reference to his prior bad acts in front of the jury.[2] The Mississippi Supreme Court rejected his challenges to the judgment of the trial court and affirmed his conviction and sentence on March 17, 2011. *Neal v. State*, 57 So.3d 1271 (Miss. 2011) (Cause No. 2009-KA-1502-SCT). Petitioner did not seek post-conviction relief in State court, but he submitted a petition for a writ of habeas corpus

---

[1] Although Petitioner states that he is challenging his related convictions and sentences for armed robbery and aggravated assault, only his conviction for burglary is final. The direct appeal of his convictions and sentences for the armed robbery and aggravated assault charges is currently pending before the Mississippi Supreme Court in Cause No. 2011-KA-403-COA.

[2] *See* ECF No. 8-4.

with this Court that was received on September 22, 2011. In his federal habeas petition, Petitioner raises three grounds for relief. He raises the two claims that were presented to the Mississippi Supreme Court on direct appeal and adds a third claim that he was illegally sentenced as an habitual offender.[3] Respondents' motion to dismiss the petition alleges that the inclusion of Petitioner's third claim renders the instant petition unexhausted.

The instant petition is subject to the exhaustion requirements of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). *See* 28 U.S.C. § 2254(b)(1) and (c). Under the exhaustion provisions, applicants seeking federal habeas relief must first exhaust all of their claims in state court prior to filing for federal habeas relief. *See id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). A claim is exhausted "when the substance of the federal habeas claim has been fairly presented to the highest state court." *Smith v. Dretke*, 422 F.3d 269, 276 (5th Cir. 2005). If a federal habeas petition contains claims not exhausted in state court, a federal court generally must dismiss the petition. *See* 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 510 (1982). Petitioner concedes that his third federal habeas claim has not been presented to the Mississippi Supreme Court for review.

Pursuant to § 2254(c), a petitioner has failed to exhaust available remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." The Court finds that Petitioner has an avenue to properly exhaust his claim in State court, as he can seek relief pursuant to the Mississippi Uniform Post-Conviction Collateral Relief Act. *See* Miss. Code Ann. § 99-39-1, *et seq.* Because the AEDPA's 1-year statute of limitations will be tolled while any properly filed application for post-conviction relief is pending before the Mississippi Supreme Court, Petitioner will have sufficient time to proceed with another federal

---

[3] *See* ECF No. 1.

habeas action should he diligently seek relief at the State court level be denied. *See* 28 U.S.C. § 2244(d)(1) and (2). Moreover, the Court finds that no good cause exists for Petitioner's failure to first present this claim in State court, and it determines that a stay and abeyance of the federal action is not warranted. *See Rhines v. Weber*, 544 U.S. 269, 277-78 (2005) (holding that a stay and abeyance is only appropriate where petitioner can show that good cause exists for the failure to exhaust; the unexhausted claims are not plainly meritless; and there is no indication that the petitioner engaged in tactics to intentionally delay litigation).

Therefore, the Court finds that the motion to dismiss should be **GRANTED**, and the petition for writ of habeas corpus should be dismissed without prejudice for failure to exhaust. A final judgment in accordance with this memorandum opinion and order shall issue today.

**SO ORDERED** this the 26th day of March, 2012.

                                                  **/s/ Sharion Aycock**
                                                  **U.S. DISTRICT JUDGE**